PROSKAUER ROSE LLP
Anthony S. Cacace
Allison L. Martin
Eleven Times Square
New York, New York 10036
(212) 969-3000
acacace@proskauer.com
amartin@proskauer.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES of the CEMENT MASONS' LOCAL 780
FRINGE BENEFIT FUNDS,

                                  Plaintiffs,

           - against -                        **COMPLAINT**

J.M.R. CONCRETE CORP.,

                                  Defendant.
----------------------------------------------------------------X

Plaintiffs, the Trustees of the Cement Masons' Local 780 Fringe Benefit Funds (the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA") and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act") by the Funds for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific

statutory and contractual obligations, the Defendant violated its collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act, and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

   (c) 28 U.S.C. § 1331 (federal question); and

   (d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4. Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds maintain their offices and are administered at 76 South Central Avenue, Suite 1C, Valley Stream, NY 11580.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6. At all times material hereto, Defendant J.M.R. Concrete Corp. ("J.M.R.") has been a for-profit domestic corporation, having its principal place of business at 375 Wyandanch Avenue, North Babylon, NY 11704, has been an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant J.M.R. executed collective bargaining agreements with Cement Masons' Local 780 (the "Agreements"), with respect to which the Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Agreements and the Trusts.

## THE AGREEMENTS AND TRUSTS

8. Pursuant to the terms of the Agreements and the Trusts, Defendant J.M.R. is required, *inter alia*, to:

    (a) pay contributions to the Funds on behalf of its employees, at the rates and times set forth in the Agreements;

    (b) submit contribution reports to the Funds;

    (c) permit and cooperate with the Funds in the conducting of audits of its books and records; and

    (d) in the event J.M.R. fails to timely pay required contributions, it is obligated to pay:

        i. interest from the date such delinquent contributions were due until the date of payment;

        ii. liquidated damages in the amount of 20% of the delinquent contributions; and

        iii. all costs and attorneys' fees incurred by the Funds.

3

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

9. Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay contributions to the Funds in accordance with the terms and conditions of the Agreements.

10. Failure to make such payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

11. The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid contributions, plus interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF

12. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. As a result of work performed pursuant to the Agreement by individual employees of Defendant J.M.R., fringe benefit contributions in the amount of $32,951.00, as determined by an audit of Defendant J.M.R.'s books covering the period July 1, 2014 through December 31, 2014, became due and owing from Defendant J.M.R. (the "Delinquent Fringe Benefit Contributions").

14. Pursuant to the terms of the Agreements and Trusts (as set forth in paragraph 8(d) above), as a result of Defendant's failure to pay contributions when due for the period July 1, 2014

4

through December 31, 2014, liquidated damages in the amount of $6,590.22 are also due and owing to the Funds from Defendant J.M.R.. Furthermore, J.M.R. owes the Funds audit costs, imposed by the Agreements, in the amount of $3,545.11.

15. No part of the aforesaid contributions, liquidated damages, or audit costs contractually due has been paid by defendant, although duly demanded.

16. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

17. Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant J.M.R. is liable to the Funds for: (a) contributions in the amount of $32,951.00; (b) liquidated damages in the amount of $6,590.22; (c) audit costs in the amount of $3,545.11; (d) interest on all the delinquent contributions, and (e) reasonable attorneys' fees and costs incurred by the Funds.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19. As a result of work performed pursuant to the Agreement by individual employees of Defendant J.M.R., fringe benefit contributions and union dues in the amount of $126,287.09, as determined by audits of Defendant J.M.R.'s books covering the period April 1, 2011 through June 30, 2014, became due and owing from Defendant J.M.R. (the "Delinquent Fringe Benefit Contributions").

20. Pursuant to the terms of the Agreements and Trusts (as set forth in paragraph 8(d) above), as a result of Defendant's failure to pay contributions when due for the period April 1, 2011 through June 30, 2014, liquidated damages in the amount of $25,257.42 are also due and owing to the Funds from Defendant J.M.R..

21. No part of the aforesaid contributions or liquidated damages contractually due has been paid by defendant, although duly demanded.

22. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

23. Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), Defendant J.M.R. is liable to the Funds for: (a) contributions in the amount of $126,287.09; (b) liquidated damages in the amount of $25,257.42; (c) interest on all the delinquent contributions, and (d) reasonable attorneys' fees and costs incurred by the Funds.

## AS AND FOR A THIRD CLAIM FOR RELIEF

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. At all times relevant hereto, the Agreements required Defendant J.M.R. to make monthly contributions to the Funds on behalf of all covered employees, at specified rates for each hour of covered employment, according to the terms of the Agreements (as set forth in paragraph 8(a) above).

26. The Agreements specifically empower the Trustees to conduct an audit of Defendant J.M.R.'s records as to any discrepancies or disputes concerning the payments by Defendant J.M.R. (as set forth in paragraph 8(c) above).

27. The Agreements also provide that Defendant J.M.R. is bound by the Trusts (as set forth in paragraph 7 above).

28. The Trusts require that employers submit written contribution reports to the Trustees together with their monthly contributions supporting the amount of contributions paid by the employer (as set forth in paragraph 8(b) above).

29. The Trusts further require employers to submit to periodic audits by the Funds of all accounts, books and records which the Funds' representative determines are necessary to confirm that the employer has fully satisfied its obligation to contribute (as set forth in paragraph 8(c) above).

30. Notwithstanding repeated demands by the Funds, Defendant J.M.R. failed to permit an audit of its books and records.

31. By letter dated December 18, 2015 (the "Audit Demand Letter"), Funds' counsel demanded from Defendant J.M.R. that an auditor-representative of the Funds be permitted access to all the books and records of Defendant J.M.R. for the period April 1, 2011 through June 30, 2014. The Audit Demand Letter gave Defendant J.M.R. ten days to comply with its demand. A copy of the Audit Demand Letter is annexed hereto as Exhibit A and made a part hereof.

32. Defendant J.M.R. has failed to submit to an audit as demanded in the Audit Demand Letter.

7

33. Defendant J.M.R.'s failure to submit to an audit constitutes a violation of the Agreements, the Trusts and Section 515 of ERISA (29 U.S.C. § 1145).

34. Accordingly, pursuant to the Agreements, the Trusts, and Section 502 of ERISA (29 U.S.C. § 1132), defendant J.M.R. must submit to an audit by the Funds in accordance with the terms of the Agreements and Trusts.

WHEREFORE, Plaintiffs Funds demand judgment against Defendant J.M.R.:

(a) in the amount of $159,238.09 for delinquent contributions, plus such additional contributions that may be found due and owing pursuant to an audit of J.M.R.'s records;

(b) in the amount of $31,847.64 for liquidated damages;

(c) for accrued prejudgment interest on all contributions pursuant to the Agreements, the Trusts and § 502(g)(2) of ERISA;

(d) for reasonable attorneys' fees and costs pursuant to the Agreements, the Trusts and § 502(g)(2) of ERISA;

(e) for audit costs pursuant to the Agreements;

(f) for an Order directing defendant J.M.R. to permit and cooperate in the conduct of an audit of its records; and

(g) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2016

          PROSKAUER ROSE LLP
          Attorneys for Plaintiffs

          By: *Allison Martin* (signature)
          Anthony S. Cacace
          Allison L. Martin
          Eleven Times Square
          New York, New York 10036
          (212) 969-3000
          acacace@proskauer.com
          amartin@proskauer.com